**UNITED STATES of America, Plaintiff–Appellee**

v.

**Alvin Stanley BRIGGS, Jr., Defendant–Appellant.**

**No. 13–3186.**

United States Court of Appeals, Eighth Circuit.

Submitted: May 12, 2014.

Filed: June 6, 2014.

Dan Chatham, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff–Appellee.

Alvin Stanley Briggs, Jr., Oklahoma City, OK, pro se.

Forest David Eastman, Clear Lake, IA, for Defendant–Appellant.

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

PER CURIAM.

Alvin Stanley Briggs, Jr. appeals his conviction for distribution of heroin resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

In March 2013, the government charged Briggs with five counts relating to the distribution of heroin. Briggs moved for a ruling on the standard of proof required for Count 1 (distribution of heroin resulting in death). Relying on Eighth Circuit precedent, the district court ruled that "under 21 U.S.C. § 841(b)(1), there is no proximate cause or forseeability requirement—that is, the government need only prove that the heroin was a contributing cause of S.R.'s death."

Briggs conditionally pled guilty to Count 1, reserving the right to appeal the standard-of-proof ruling. In the plea agreement, the parties stipulated:

An autopsy determined the cause of S.R.'s death was "acute application of heroin." S.R.'s use of the heroin defendant distributed to S.R. on or about July 3 was, at a minimum, a contributing cause of S.R.'s death.

The district court sentenced Briggs to 360 months' imprisonment.

This court reviews de novo the legal interpretation of a criminal statute. *United States v. Brummels*, 15 F.3d 769, 771 (8th Cir.1994). After Briggs pled guilty, the Supreme Court of the United States decided *Burrage v. United States*, —— U.S. ——, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014). The Court held:

at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

*Burrage*, 134 S.Ct. at 892.

The district court erred in ruling that the government "need only prove that the

heroin was a contributing cause of S.R.'s death."

The judgment is reversed. The case is remanded for proceedings consistent with this opinion.